IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **AUGUSTINE R. AUFDERHEIDE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 14-cv-2585-RWT |
| **SUDARSHAN HARLALKA,** *et al.,* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Gary Dove's Motion to Dismiss. For the reasons stated below, Defendant's Motion will be granted, and the Complaint will be dismissed.

## BACKGROUND

According to Plaintiff's Complaint, he began working for Artech Information Systems ("Artech") in July 2013. ECF No. 2 at 1. In October 2013, Plaintiff was required to travel to Los Angeles to work on a project for Artech. *Id.* at 2. Plaintiff attempted to rent a car, but did not have sufficient funds. *Id.* Apparently, Plaintiff was under the impression that the cost of the rental car would be prepaid by Artech, but Artech's policy is that employees pay for the costs of travel upfront and are reimbursed. *Id.* Because he was not able to afford to rent a car, or otherwise to pay for transportation to the job site, Plaintiff was unable to work on the project. *Id.* at 2-3. According to Plaintiff, his failure to work on the project was held against him. *Id.*

At some point thereafter, Plaintiff was assigned to another project for Artech's customer, the Marine Corps. His mentor on this project was Robert Browning. *Id.* at 3. Plaintiff did not receive any formal training on this project, but was "only fed bits and pieces as needed to do the job." *Id.* at 4. Plaintiff was then assigned to prepare a presentation and to submit it to Browning

for review. *Id.* Browning changed the presentation, but did not inform Plaintiff of the changes. *Id.* As a result, Plaintiff, apparently unable or unwilling to do the presentation after these unexpected changes, had another individual do the presentation. *Id.* Plaintiff was tasked with yet another presentation, and it became apparent as he was presenting "that he was not as well versed in the product as the Marine Corp. would have liked." *Id.* Artech then gave Plaintiff more formal training. *Id.*

At some point, Saif Rahman ("Rahman"), an employee of the Marine Corps, emailed Plaintiff a technical question regarding work at other Marine Corps bases for which Plaintiff was not responsible. *Id.* at 5. Plaintiff responded, answering that Rahman should check with the employees responsible for those bases. *Id.* Apparently, Rahman was not pleased with this response, and asked that Plaintiff be removed from the project. *Id.* Artech subsequently terminated Plaintiff. *Id.*

Plaintiff filed suit against Gary Dove ("Dove"), his supervisor at Artech, and Sudarshan Harlalka ("Harlalka")[1], an Artech director, in Maryland state court, and Defendant removed the case to this Court on August 14, 2014. ECF No. 1. Thereafter, Defendant Gary Dove filed a Motion to Dismiss on August 21, 2014. ECF No. 13. Plaintiff filed a Motion to Strike Dove's Motion that same day.[2] ECF No. 14. On August 26, 2014, Plaintiff filed his response, and also moved to remand the case to state court. ECF No. 21. Plaintiff then filed a Motion for Summary Judgment. ECF No. 27.

## **STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

---

[1] Harlalka was dismissed from the case by stipulation on December 30, 2014. ECF No. 33.
[2] In substance, this Motion to Strike appears to be a response to Dove's Motion to Dismiss.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)). However, the Court is mindful that a *pro se* plaintiff is held to a less stringent standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## ANALYSIS

### I.     The Court has Federal Question Jurisdiction

As an initial matter, the Court will address whether removal was proper. Plaintiff's Complaint contains one count, entitled "Negligence." ECF No. 2 at 6. If Plaintiff's only cause of action is, indeed, negligence, this Court's jurisdiction must be predicated on diversity jurisdiction, or the case must be remanded to state court. U.S. Const., Art. III § 2.

Although the only count in the Complaint is titled "Negligence," a fair reading of the Complaint clearly indicates that Plaintiff is attempting to make a claim under Title VII. A claim for negligence requires a plaintiff to show "1) a duty owed to the plaintiff by the defendant; (2) a

breach of that duty owed by the defendant; (3) a causal relationship between the breach of that duty and the harm suffered; and (4) damages suffered by the plaintiff." *Hrehorovich v. Harbor Hosp. Ctr., Inc.*, 614 A.2d 1021, 1034 (Md. Ct. Spec. App. 1992). To the extent that Plaintiff is alleging Defendant breached a duty, it is evident that the duty arises from Title VII. Plaintiff complains that Artech's training was inadequate, that other employees performed as poorly as he did, but that he was singled out "as a non performing employee which is in direct violation of *Title VII for discrimination*." ECF No. 2 at 6 (emphasis added). Other than singling him out for non-performance after poor training, Plaintiff does not point to any other duty that Artech supposedly breached that would support a negligence claim. Of course, breaching a duty not to discriminate is the crux of a Title VII claim, and would not form the basis of a state negligence claim.[3] Thus, jurisdiction in this Court is proper.

## II. Plaintiff has not Exhausted Administrative Remedies

Because this is a Title VII case, the Court only has subject matter jurisdiction if Plaintiff has exhausted his administrative remedies. 42 U.S.C. § 2000e-5(b). However, the Complaint contains no allegation that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") or any other state or local agency, or that his allegations were ever considered by the EEOC or any other agency. Plaintiff's failure to exhaust administrative remedies is fatal to his claim, as it deprives this Court of subject matter jurisdiction. *Jones v.*

---

[3] Plaintiff also claims that he signed certain promissory notes under duress. ECF No. 2 at 6 ("Mr. Aufderheide was also forced to sign three promissory notes under duress in order to travel for Motorola."). To the extent he is asserting a contract claim, the claim must be dismissed. The only remaining Defendant in this case is Dove, and there is no allegation that Dove was responsible for "forcing" Plaintiff to sign the notes in question or that Dove was the payee of the notes. The Court is aware that in dismissing the federal claim, only this state law claim remains. The Court nonetheless retains discretion to retain jurisdiction over the state law claim, after considering convenience and fairness to the parties, underlying issues of federal policy, comity, and considerations of judicial economy. *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999). Although the fact that only a state law claim remains would ordinarily warrant remand, the Court does not consider that warranted here. The issue here is straightforward: Plaintiff has failed to allege that the only remaining defendant is actually responsible for the conduct forming the basis of his state claim. *Cf. id.* (holding that retaining jurisdiction of state law claim after federal claims were dismissed was proper where application of state statute was clear and correctly applied). Remanding and forcing Dove to defend against a claim that does not implicate him would not be fair to him.

*Calvert Grp., Ltd,* 551 F.3d 297, 300 (4th Cir. 2009).  For this reason alone, Plaintiff's Complaint must be dismissed.

### III.    Plaintiff has not Sufficiently Alleged Discrimination

Even if Plaintiff had exhausted his administrative remedies, he has substantively failed to allege that he suffered adverse employment actions based on discrimination.  Plaintiff's complaints about the rental car incident, the lack of training, the changing of his presentation, and other issues, amount only to minor annoyances, not actions by which "the terms, conditions, or benefits" of Plaintiff's employment were "adversely affected."  *Munday v. Waste Mgmt. of N. Am.*, 126 F.2d 239, 243 (4th Cir. 1997).  Further, it is obvious from Plaintiff's own description that these issues did not arise as a result of discrimination.  For example, the rental car situation was, by Plaintiff's own admission, caused by a supposed gap in company policy, not by any discriminatory animus directed at Plaintiff.  ECF No. 2 at 3  (complaining that "every Motorola employee is issued a company credit card to offset issues like that but that Artech had no such provision.").  Similarly, Plaintiff concedes that other coworkers complained about a lack of training, which undermines any claim that Artech deliberately failed to adequately train Plaintiff for discriminatory reasons.  *Id.* at 4 ("Other engineers on the project expressed the same concerns [regarding a lack of training].").

The only adverse employment action Plaintiff suffered was his termination.  However, it is obvious from the face of the Complaint that Plaintiff's termination was not the result of discrimination, nor was it the result of the rental car incident, the lack of training, or any other issues about which Plaintiff complains.  The cause of Plaintiff's termination was that he responded to a customer's question in a way the customer did not like, and the customer

5

subsequently requested that Plaintiff be removed from the project. *Id.* at 5. Accordingly, Plaintiff has failed to adequately allege employment discrimination.

## **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 13] and dismiss the Complaint with prejudice. [ECF No. 2]. A separate Order follows.


Date:  March 11, 2015                                                    /s/
                                                                ROGER W. TITUS
                                                                UNITED STATES DISTRICT JUDGE